IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MONTY V. RIDEOUT, #A0167104, | ) | CIV. NO. 14-00104 SOM/BMK |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| vs. | ) | TO DISMISS PETITION AND ORDER |
| | ) | GRANTING IN FORMA PAUPERIS |
| HAWAII PAROLING AUTHORITY, | ) | APPLICATION |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DISMISS PETITION AND ORDER
GRANTING IN FORMA PAUPERIS APPLICATION**

Before the court is *pro se* petitioner Monty V. Rideout's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 and *in forma pauperis* application.  The Petition was referred to this court pursuant to 28 U.S.C. § 636(b)(1). Petitioner challenges the Hawaii Paroling Authority's ("HPA") January 16, 2014, tentative decision to conditionally grant him parole.  Specifically, Petitioner complains that the HPA has conditioned his parole on obtaining employment before his release, which he alleges violates the Fifth and Fourteenth Amendments.

The court FINDS that Petitioner fails to state a cognizable constitutional claim for relief and RECOMMENDS that the Petition be summarily dismissed.  Petitioner's *in forma pauperis* application is GRANTED.

**I.   LEGAL STANDARD**

Rule 4 of the Rules Governing § 2254 Cases in the

United States District Courts (Habeas Rules) requires the district court to make a preliminary review of each petition for writ of habeas corpus.  The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."  Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).  The Advisory Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## II.  DISCUSSION

A federal court may grant habeas corpus relief to a petitioner "only on the ground that he or she is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (emphasizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Swarthout v. Cooke*, ---U.S. ----, ----, 131 S.Ct. 859, 861 (same).  Petitioner's contention that the HPA's conditional grant of parole violates his due process rights fails

to state a cognizable federal habeas corpus claim and is legally frivolous.

First, "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence." *Cooke*, 131 S.Ct. at 862; *Greenholtz v. Nebraska*, 442 U.S. 1, 7 (1979); *Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981) (holding that the Due Process Clause does not create a protected liberty interest in a parole date, even one that has been set). And, while a protected liberty interest may arise from "an expectation or interest created by state laws or policies," *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005), it is well-settled that Hawaii's parole statutes do not create a liberty interest in parole. *See, e.g., Mujahid v. Apao*, 795 F. Supp. 1020, 1024 (D. Haw. 1992) ("[A] proper application of *Greenholtz* requires the court to conclude that the Hawaii parole statute does not create a liberty interest protected by the Due Process Clause."); *Ramsay v. Hawaii Paroling Auth.*, 2012 WL 518486, *4 (D. Haw. Feb. 14, 2012); *Regan v. Hawaii*, 2007 WL 4440956, at *2 (D. Haw. Dec. 19, 2007).

Second, the HPA may condition release on parole on "any special terms and conditions the [HPA] finds necessary to protect the welfare and safety of society and guard against future law violations." Haw. Admin. R. § 23-700-35; *see also* Haw. Rev. Stats. §§ 353-65 and 353-69 (providing that the HPA may establish

3

rules having the force and effect of law and that the HPA may not grant parole unless it appears "that there is a reasonable probability that the prisoner concerned will live and remain at liberty without violating the law and that the prisoner's release is not incompatible with the welfare and safety of society"). The HPA can therefore condition Petitioner's parole on whether he has gainful employment before he is released, although this may appear unduly restrictive to Petitioner.

      Third, Petitioner's own exhibits controvert his understanding of the conditions set for his release on parole. Petitioner's Exhibit A, Doc. No. 1-1, does not require Petitioner to obtain employment before he is released.  Rather, it clearly states, "You shall obtain and maintain full-time, salaried employment *within 30 days of your release from prison*."  *Id.* (emphasis added).  Based on the foregoing discussion, the court finds that the Petition is legally frivolous and subject to summary dismissal.

      Finally, although the court makes no finding on this issue, it appears the Petition is subject to dismissal as unexhausted.  Because the Petition is not on court forms, Petitioner does not detail the steps he has taken to resolve this issue with the HPA and the Hawaii state courts.  Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.  Exhaustion

requires the petitioner to fairly present all claims to the state courts before commencing a federal action. *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011), *cert. denied*, --- U.S. ----, 133 S.Ct. 424 (2012).  As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982).  Fully unexhausted petitions must be dismissed and are not subject to a stay-and-abey procedure. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Petitioner submits a copy of the HPA parole decision tentatively granting him parole that was served by mail on Petitioner on January 30, 2014. *See* Doc. No. 1-1.  The Petition is signed on February 25, 2014.  It appears impossible that Petitioner appealed this decision to the HPA and exhausted his claims in the Hawaii state courts in less than a month.

### III.   CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A judge shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and if jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right," Slack v. McDaniel, 529 U.S. 473, 484, (2000).  *See also Henry v. Ryan*, 2013 WL 3027404, *9 (9th Cir. June 19, 2013) (citing *Slack* and *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)).

The court FINDS that reasonable jurists would not debate that this petition warrants summary dismissal for its failure to state a cognizable claim and is not subject to a COA. *See Jardine v. Dittman*, 658 F.3d 772, 775 n.1 (7th Cir. 2011) (stating that "[t]he conclusion that a constitutional claim is debatable among reasonable jurists, as required for a[COA] under 28 U.S.C. § 2253(c) . . ., sits in obvious tension with the conclusion that the claim "plainly appears" from the petition and attachments to be a loser, as required for summary dismissal under Rule 4 of the Rules Governing Section 2254 Cases").

### IV. CONCLUSION

1. The court FINDS that the Petition is legally frivolous and RECOMMENDS that it be summarily DISMISSED pursuant to Rule 4 of the Rules Governing Habeas Cases.

2. Petitioner qualifies as indigent within the meaning of 28 U.S.C. § 1915, and his *in forma pauperis* application is GRANTED.

3. The court FINDS and RECOMMENDS that certificate of appealability be DENIED.

4. The Clerk of the Court is DIRECTED to serve a copy of

the Petition and this Findings and Recommendation on Petitioner and the Attorney General of the State of Hawaii.

## V. NOTICE

The parties are advised that any objection to this Finding and Recommendation is due seventeen calendar days after being served with a copy of this Findings and Recommendation. *See* Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule 74.2. If an objection is filed, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation."

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, March 11, 2014.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

*Rideout v. Hawaii Paroling Auth.,* Civ. No. 14-00104 SOM/BMK; J:\ChambersBMK\Ready For Judge\Rideout 14-104 som bmk (F&R summ. dsm, grt IFP).wpd