IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MONTY V. RIDEOUT, | ) | Civ. No. 14-00104 SOM-BMK |
| | ) | |
| Petitioner, | ) | ORDER (1) ADOPTING FINDINGS |
| | ) | AND RECOMMENDATION THAT |
| v. | ) | PETITIONER MONTY V. RIDEOUT'S |
| | ) | PETITION FOR WRIT OF *HABEAS* |
| HAWAII PAROLING AUTHORITY, | ) | *CORPUS* BE DISMISSED AND |
| | ) | (2) DENYING CERTIFICATE OF |
| Respondent. | ) | APPEALABILITY |
| _____ | ) | |

**ORDER (1) ADOPTING FINDINGS AND RECOMMENDATION
THAT PETITIONER MONTY V. RIDEOUT'S PETITION
FOR WRIT OF *HABEAS CORPUS* BE DISMISSED
AND (2) DENYING CERTIFICATE OF APPEALABILITY**

**I.      INTRODUCTION AND BACKGROUND.**

Monty V. Rideout was convicted in state court of one count of commercial promotion of marijuana in the first degree and is currently incarcerated at Waiawa Correctional Facility located on the Island of Oahu. On January 16, 2014, the Hawaii Paroling Authority ("HPA") granted Rideout parole contingent on, among other things, "obtain[ing] and maintain[ing] full-time, salaried employment within 30 days of [his] release from prison." *See* Exhibit A, Doc. No. 1-1.

On March 3, 2014, Rideout, proceeding *pro se*, filed a Petition for Writ of *Habeas Corpus,* pursuant to 28 U.S.C. § 2254, challenging the HPA's decision to only conditionally grant him parole ("Petition"). *See generally* Doc. No. 1. Rideout argued that the HPA's decision to condition his parole on finding "employment *prior* to release is outside of reason." *See id.* at

4. The problem with Rideout's argument is that the HPA did not condition Rideout's parole on finding employment prior to release. Rather, the HPA conditioned his parole on Rideout's finding employment "*within 30 days of [ ] release from prison*." *See* Exhibit A, Doc. No. 1-1 (emphasis added).

On March 14, 2014, Magistrate Judge Barry M. Kurren issued his Findings and Recommendation ("F & R"). The Magistrate Judge determined that the Petition was factually unsupported and thus legally frivolous, and recommended that the Petition be dismissed. *See* Doc. No. 4 at 6. The F & R further recommended that a "certificate of appealability be DENIED." *See id.* at 7. The F & R noted that any objection had to be filed by Rideout within seventeen calendar days after service of the F & R. *See id.* Any objection was to be titled "Objections to Magistrate Judge's Findings and Recommendation." *See id.*

On March 21, 2014, Rideout filed his Motion for Leave Memorandum in Support of Writ of *Habeas Corpus* ("Motion for Leave"), asking for leave to submit additional exhibits in support of the Petition. *See* Doc. No. 5 at 1. Rideout claims that these additional exhibits show that the HPA treated his transfer request to be conditionally released on the Island of Oahu instead of the Island of Hawaii differently from the transfer requests of other paroled prisoners. *See id.* at 2-3. Rideout seems to argue in his Motion for Leave that these

2

exhibits further exemplify HPA's actions violating his "right to equal protection under law, due process and liberty interest." *See id.* The Motion also states that HPA's condition of release "requiring Petitioner obtain employment prior to release" is contrary to "policies and procedures, standard conditions of parole, and Hawaii statute[.]" *See id.* at 1-2.

The court deems Rideout's Motion for Leave to be his objections to the F & R. The court agrees with Magistrate Judge Kurren that the Petition is factually unsupported and that Rideout sets forth legally frivolous claims. Even if the court considers Rideout's untimely "differential treatment" assertion, that assertion is factually unsupported and legally frivolous. Therefore, the court adopts the F & R in its entirety, dismisses the Petition, and declines to issue a certificate of appealability.

**II.    STANDARD OF REVIEW.**

   **A.   Petition for Writ of *Habeas Corpus*.**

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court must dismiss such a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

3

relief in the district court[.]"  Rule 4 of the Rules Governing
§ 2254 Cases in the United States District Court.

> **B.    Review of a Magistrate Judge's Findings and Recommendations.**

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  The Local Rules of Practice for the United States District Court for the District of Hawaii ("LR") allow a party to "object to a magistrate judge's case dispositive order, findings, or recommendations . . . within fourteen (14) days being served with a copy[.]"  LR 74.2.  If an objection is made to a magistrate judge's findings or recommendations, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations[.]"  See 28 U.S.C. § 636(b)(1).

**III.    ANALYSIS.**

> **A.    The Court Construes Rideout's "Motion for Leave" as an Objection to the F & R.**

In his Petition, Rideout alleges, "[T]he H.P.A. is arbitrarily, capriciously, and possibly retalitorily invoking a 'special condition' of parole in violation to due process, liberty interest, and equal protection under law."  See Doc. No. 1 at 1.  The F & R expressly determined that the Petition failed to state a cognizable constitutional claim for relief.  See Doc.

4

No. 4 at 1.  Rideout's Motion for Leave essentially objects to the F & R by again arguing that "the HPA has implemented a condition of release that violates Petitioner[']s right to equal protection under law, due process and liberty interest."  *See* Doc. No. 5 at 1.

Only after rearguing that his conditional release violates his constitutional rights does Rideout present additional reasons that the HPA's policies are "a means of deterring or rescinding Petitioner['s] release."  *See* Doc. No. 5 at 1.  Because Rideout's Motion for Leave objects to the F & R, the court construes it as an objection as defined by LR 74.2 and reviews the F & R *de novo*.

      **B.**    **The HPA Did Not Exceed its Statutory Authority in Imposing Conditions on Rideout's Early Release.**

Rideout is simply wrong in claiming that the HPA violated his constitutional rights.  The HPA expressly told Rideout that he had to find employment within 30 days of his release from incarceration, not that he had to find employment before he left prison.  *See* Exhibit A, Doc. No. 1-1.  Those 30 days clearly would run from or after his release.  Therefore, there is no factual basis supporting a *habeas corpus* claim relating to the employment condition.

Nor did the HPA violate any constitutional provision by giving Rideout only 30 days to find a job.  Federal law does not require more of the HPA.  Thus, for example, the HPA need not

5

conditionally release a state prisoner before the expiration of a valid sentence.  *See Swarthout v. Cooke*, --- U.S. ----, ----, 131 S. Ct. 859, 862 (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)).  Several District of Hawaii cases have held that Hawaii's parole statutes do not create a liberty interest in parole.  *See Ramsay v. Haw. Paroling Auth.*, 2012 WL 518486, *4 (D. Haw. Feb. 14, 2012); *Regan v. Hawaii*, 2007 WL 4440956, at *2 (D. Haw. Dec. 19, 2007); *Wilkinson v. Austin*, 795 F. Supp. 1020, 1024 (D. Haw. 1992).  Rideout has no federal right to be released, conditionally or not.  *See Swarthout*, 131 S. Ct. At 862; *Jago v. Van Curren*, 454 U.S. 14, 17-21 (1981) (holding that a constitutionally protected interest in a parole date does not exist, even in one that has been set).

Hawaii law grants the HPA complete authority to condition release on parole on "any special terms and conditions the [HPA] finds necessary to protect the welfare and safety of society and guard against future law violations."  Haw. Admin. R. § 23-700-35; *see also* Haw. Rev. Stat. §§ 353-62 and 353-65; *Turner v. Haw. Paroling Auth.*, 93 Haw. 298, 302, 1 P.3d 768, 772 (2000) ("Under [Hawaii Revised Statute] § 353-65, the 'full power . . . to grant, and to revoke paroles is conferred upon the [HPA].'  Among its other responsibilities and duties, the HPA selects individuals for parole, establishes conditions of parole, and supervises individuals on parole."  (citations omitted)).

6

Therefore, the HPA's conditioning of Rideout's release on his gainful employment within 30 days of his release does not infringe Rideout's liberty or due process rights. The Petition fails to present a viable *habeas corpus* claim based on the conditions for Rideout's release.

In material submitted to the court after the F & R issued, Rideout notes that, in any event, he has secured employment "upon his release." *See* Doc. No. 8.

Rideout's Motion for Leave also challenges his conditional release on the Island of Hawaii ("Big Island"). *See* Doc. No. 5 at 2-4. Rideout argues that he should be released on the Oahu where, according to Rideout, jobs are "more plentiful." *See id.* at 2. Even if the court considers this argument, raised for the first time in Rideout's objections to the F & R, the court is not persuaded. As Rideout has no federal right to be released, Rideout has no federal right to be released to the county of his choice. Rideout's disagreement with his conditional release on the Big Island fails to present a viable *habeas corpus* claim. Furthermore, as of April 2, 2014, the HPA approved Rideout's application for intrastate parole to the County of Oahu, making this argument moot. *See* Doc. No. 8 at 6.

**C. Rideout Might Not Have Exhausted His State Remedies.**

The F & R notes without deciding that Rideout may not have exhausted his state remedies before filing his Petition.

7

*See* Doc. No. 4 at 4. The exhaustion doctrine requires that the federal claim be fairly presented to the state courts prior to federal court involvement. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). This court does not here resolve this matter which, if the court were not adopting the F & R on other grounds, would be a matter for summary judgment. See Albino v. Baca, No. 10-55702, 2014 WL 1317141, at *4-5 (9th Cir. April 3, 2014).

### D. The Court Declines to Issue a Certificate of Appealability in this Matter.

Rideout may not appeal a final order to the court of appeals in a § 2254 proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Adopting the F & R, this court concludes that reasonable jurists would not debate the appropriateness of summary dismissal of Rideout's Petition given his failure to state a cognizable claim. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (finding that a certificate of appealability after a denial of a *habeas* petition on procedural grounds should issue only if "the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim fo the denial of a constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling"). This court therefore declines to issue a certificate of appealability.

**IV.    CONCLUSION.**

The court ADOPTS the well-reasoned and thorough F & R and DISMISSES the Petition. Additionally, the court DECLINES to issue a certificate of appealability in this matter.

The Clerk of the Court is directed to enter judgment in favor of the Hawaii Paroling Authority and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 16, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

**Rideout v. Hawaii Paroling Authority, Civ. No. 14-00104 SOM-BMK; ORDER (1) ADOPTING FINDINGS AND RECOMMENDATION THAT PETITIONER MONTY V. RIDEOUT'S PETITION FOR WRIT *HABEAS CORPUS* BE DISMISSED AND (2) DENYING CERTIFICATE OF APPEALABILITY.**